UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 8 2013

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| V. | § | CRIMINAL NO. |
| | § | |
| ISMAIL N. MOHAMMAD | § | **1 3 CR 2 6 4** |
| MOHAMMED YASEEN | § | |

## CRIMINAL INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

A.   **INTRODUCTION**

At all times material to this Indictment:

   1.   **Defendants**

       a. ISMAIL N. MOHAMMAD (MOHAMMAD) was the owner, registered agent and President of Mamsa Corporation, a Texas Corporation which was in the business of running hotels, among other of its listed purposes.

       b. MOHAMMAD operated Star Financial and Investment Group, Houston, Texas and acted in the capacity of loan broker for others seeking loans.

       c. MOHAMMED YASEEN (YASHEEN) was the owner of Petarian International, Inc., dba Passport Inn and Suites, and Hinas Lodging Co.

2. **Small Business Administration**

a. The Small Business Administration (hereinafter "SBA") was an agency of the United States government established by Congress through the Small Business Act (Title 15, United States Code, Section 631 et seq.), to provide financial assistance to qualified small businesses.

b. The SBA 7(a) Loan Guarantee Program authorized the SBA to guarantee repayment to a financial institution of a certain percentage of a loan made by that financial institution to eligible small businesses.

3. **Mamsa Corporation Loans**

a. Mamsa Corporation was incorporated with the Texas Secretary of State on or about February 1, 1990, and articles of amendment to the Corporation were executed June 20, 2007 and filed August 7, 2007, listing MOHAMMAD as its President/Director. In loan documents, MOHAMMAD identified himself as acting president as well as an owner. Hinas Lodging Company doing business as Scottish Inns was owned by YASEEN and his wife.

b. Westbound Bank was a lending corporation which participated as an approved lender in the SBA 7(a) Loan Guaranty Program.

c. On or about April 9, 2008, MOHAMMAD applied for an SBA guaranteed business loan through Westbound Bank (hereinafter "the Lender") on

behalf of Mamsa Corporation, doing business as Passport Inn and Suites. MOHAMMAD signed as Guarantor on the loan application.

      d. On or about May14, 2008, the Lender approved the loan application submitted by Mamsa Corporation for an SBA guaranteed loan of $990,000 for the purchase of 3933 Hwy 90 East, Columbus, Texas (hereinafter "Passport Inn and Suites") relying upon the documents and information provided by the defendants, as well as their assurances.

B.    THE CONSPIRACY

      From in or about March, 2008 and continuing through on or about July 27, 2009 in the Southern District of Texas, and elsewhere,

**ISMAIL N. MOHAMMAD and
MOHAMMED YASEEN**

Defendants herein, did knowingly conspire and agree with others known and unknown to the Grand Jury to knowingly devise and intend to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, representations, and promises, and to knowingly use and cause to be used interstate wire communications facilities in carrying out the scheme to defraud.

C.    **MANNER AND MEANS OF THE CONSPIRACY**

It was part of the conspiracy that:

1. The defendants would and did apply for financing through a SBA loan guarantee program to purchase/sell the Passport Inn and Suites in Columbus, Texas.

2. The defendants would and did make material misrepresentations to the Lender regarding their assets and indebtedness, and that of the corporation.

3. The defendants would and did make material misrepresentations regarding the sources of the funds used for the cash infusion into this transaction.

4. The defendants would and did provide to the Lender documents containing false information regarding assets and liabilities, in support of a SBA loan application in the name of Mamsa Corporation for the purchase of the Passport Inn and Suites.

### D. ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy and to effect the objects thereof, the defendants and other persons both known and unknown to the grand jury, performed or caused the performance of one or more of the following acts, among others not described herein, in the Southern District of Texas and elsewhere on or about the following dates:

1. On or about March 12, 2008, MOHAMMAD ("Buyer") entered into a commercial real estate contract to purchase the Passport Inn and Suites, Columbus, Texas from YASEEN ("Seller").

2. On or about March 20, 2008, YASEEN ("Seller") caused check no. 1132 to be drawn on Guaranty Bank account X2615, in the amount of $25,000.00 payable to IPM Business Inc., dba Star Financial (ISMAIL N. MOHAMMAD, the Buyer of the Passport Inn and Suites).

3. On or about March 24, 2008, YASEEN caused check no. 1131 to be drawn on Guaranty Bank account X2615, in the amount of $30,000.00 payable to Mamsa, Inc. (whose president is MOHAMMAD).

4. On or about April 9, 2008, MOHAMMAD submitted an application to Westbound Bank as well as a personal financial statement indicating he had $202,000 in cash available on hand and in banks.

5. On or about April 11, 2008, MOHAMMAD caused to be issued Comerica Bank cashier's check no. x3941 in the amount of $40,000 payable to the Passport Inn for cash injection outside of closing.

6. On or about April 15, 2008, YASEEN caused to be issued check no. 1616 drawn on Capital One Bank account no. x4257 in the amount of $40,000, payable to MOHAMMAD.

7. On or about April 16, 2008, MOHAMMAD provided Westbound Bank with monthly statements for Mamsa's Comerica Bank account which contained false figures of the current balance.

8. On or about April 16, 2008, MOHAMMAD provided Westbound Bank with false and fraudulent monthly statements purportedly for a Star Financial bank account, when in truth and in fact, the statements were for a Guaranty Bank account belonging to YASEENS's company, Hinas Lodging Company, which had been falsified to read Star Financial.

9. On or about April 18, 2008, MOHAMMAD caused to be issued a $40,000 Washington Mutual Bank cashier's check no. x6576, payable to Passport Inn, and sent a copy of the check to Westbound Bank as evidence of having paid to the seller a cash injection outside of closing.

10. On or about April 21, 2008, YASEEN caused check no. 1606 in the amount of $40,000.00 to be transferred from Capital One Bank account x4257 in the name of Petarian International, Inc., d.b.a., Passport Inn to MOHAMMAD.

11. On or about May 1, 2008, MOHAMMAD caused to be issued a $20,000 cashier's check, purchased using funds drawn from Mamsa, Inc.'s Comerica Bank account no. x8798, payable to Passport Inn and Suites.

12. On or about May 6, 2008, YASEEN caused to be issued a check for $20,000 via Petarian International, Inc.'s Capital One Bank account no. x4257 payable to Mamsa, Inc.

13. On or about May 28, 2008, MOHAMMAD signed an equity agreement affirming that attached paid receipts, bank deposit tickets and/or bank

statements represented a cash injection into the business of $145,000 as required, and the loan was closed by Westbound Bank.

14. On or about April 28, 2009, MOHAMMAD completed an application with Westbound Bank for a SBA guaranteed loan to finance the renovation of the Passport Inn, and submitted a personal financial statement indicating he had $48,000 cash available on hand and in banks as well as $12,000 in savings.

15. On or about May 8, 2009, MOHAMMAD signed a conditional commitment letter from Westbound Bank acknowledging his loan of $510,000 was approved conditioned on a cash injection of $57,000 which must be held in an account in the name of MOHAMMAD (or his company), verified before loan submission to SBA. The $57,000 cash injection must not be borrowed funds.

16. On or about July 7, 2009, the SBA loan to fund additional construction to Passport Inn was approved subject to MOHAMMAD making a $57,000 cash injection into the business.

17. On or about July 21, 2009, YASEEN, doing business as Hinas Lodging Co., issued Guaranty Bank check in the amount of $23,000 payable to MOHAMMAD's business, Mamsa, Inc., and identified as a loan.

18. On or about July 22, 2009, YASEEN issued Capital One Bank check in the amount of $27,000, which was endorsed by Mamsa, Inc.

19. On or about July 22, 2009, MOHAMMAD deposited into his Capital One account no. x9984 the Guaranty Bank check that YASEEN issued for $23,000 payable to MOHAMMAD's business, Mamsa, Inc., as well as the Capital One Bank check YASEEN issued to Mamsa, Inc. in the amount of $27,000.

20. On or about July 27, 2009, MOHAMMAD issued check no. 1203 in the amount of $47,000, drawn on his Capital One Bank account no. x9984 payable to North American Title Company.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO

A. The Grand Jury realleges and incorporates by reference, as though fully set forth herein, the allegations contained in sections A (Introduction) and C (Manner and Means) as set out in Count One of the indictment.

B. On or about May 30, 2008, in the Southern District of Texas and elsewhere, defendants

**ISMAIL N. MOHAMMAD and
MOHAMMED YASEEN**

aided and abetted by each other and others known and unknown to the grand jury, did knowingly devise and intend to devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and material omissions, and in execution of said scheme to defraud did cause to be transmitted in interstate commerce by means of a wire communication certain writings,

signs signals, pictures, and sounds, namely the wire transfer of $950,000 in loan proceeds.

In violation of Title 18, United States Code, Sections 1343 and 2.

## **NOTICE OF CRIMINAL FORFEITURE**
### 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C)

Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the Defendants that in the event of conviction of the offenses charged in Counts 1 and 2 of this Indictment, the United States intends to seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses.

The property subject to forfeiture includes but is not limited to at least $1,041,096 in United States dollars.

### **Money Judgment**

Defendants are notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture, for which the Defendants may be jointly and severally liable. That amount is estimated to be, but is not limited to, at least $1,041,096 in United States dollars.

## Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendants,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the total value of such property pursuant to Title 21, United States Code, Section 853(p), incorporated by reference in Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

**ORIGINAL SIGNATURE ON FILE**

FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON
United States Attorney

By: _____
Martha Minnis
Assistant United States Attorney